UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| Salvacion G. Agaton, <br> Maria Luisa P. Cangas <br> Harold Lee Alexis L. Cepeda <br> Julius Rufino T. Dellosa <br> Daniel M. Du Toit <br> Aura Aurora A. Flores <br> Manolo M. Hintay <br> Imelda S. Magpantay <br> Kenneth L. Omandac <br> Mylene R. Pinpin <br> Dolores T. Poyaoan <br> Eleonor M. Ramos <br> Ernalyn S. Sembrano <br><br> **PLAINTIFFS** <br><br> v. <br><br> Hospitality & Catering Services, Inc., a/k/a Hospitality Catering Management Services, <br><br> **DEFENDANT** | §§§§§§§§§§§§§§§§§§§§§§§§§ <br><br><br><br><br><br><br><br> CAUSE NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

**PRELIMINARY STATEMENT**

1. This action arises from the Defendant's imposition of forced labor on Plaintiffs and Defendant's unlawful underpayments of Plaintiffs' wages. Plaintiffs state claims under the Victims of Trafficking Protection Act 18 U.S.C. § 1595 (2008) ("VTPA"), under the Fair Labor Standards Act 29 U.S.C. §201 et. seq. ("FLSA"), and the Legal Immigration Family Equity Act of 2000 ("L.I.F.E. Act").

2. Defendant promised Plaintiffs both housing and wages in exchange for their labor. However,

Plaintiffs were consistently underpaid and/or unpaid for their labor. In several instances Defendant has issued paychecks to Plaintiffs that have been dishonored for insufficient funds.

3. Defendant promised to provide a housing subsidy to Plaintiffs such that Plaintiffs would make a partial payment toward their housing of $150.00 per month by payroll deduction. Defendant warranted that no more that two workers would occupy each housing unit or apartment. Defendant failed to pay for Plaintiff's housing and/or has failed to apply the funds deducted from Plaintiff's checks to Plaintiff's housing expense. In certain instances Plaintiffs have received eviction notices. In addition, Defendant has in several cases assigned single housing units to five or six workers, though those units were to be occupied by only two workers.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under 18 U.S.C. § 1595 of the VTPA and under 29 U.S.C. §§ 201 of the FLSA.

5. Venue is proper in this Court because Defendant conducts business within the Western District of Louisiana. 29 U.S.C. § 1391.

6. Venue is also proper in this Court because some of the work performed by Plaintiffs for which they were underpaid was performed within the Western District of Louisiana. For that work Plaintiffs allege entitlement to unpaid minimum wage and/or overtime, transportation, penalties and attorney fees.

## III.
## PARTIES

7. During times relevant to this action, Plaintiff Salvacion Galano Agaton was employed by Defendant as a manual laborer. This Plaintiff asserts his claims under the FLSA on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). FLSA consent form is attached hereto as Exhibit 1.

8. During times relevant to this action, Plaintiff Maria Luisa Pedoche Cangas was employed by Defendant as a manual laborer. This Plaintiff asserts her claims under the FLSA on behalf of herself and all others similarly situated as authorized by 29 U.S.C. § 216(b). Her FLSA consent form is attached hereto as Exhibit 2.

9. During times relevant to this action, Plaintiff Harold Lee Alexis Cepeda was employed by Defendant as a manual laborer. This Plaintiff asserts claims under the FLSA on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 3.

10. During times relevant to this action, Plaintiff Julius Rufino Tope Dellosa was employed by Defendant as a manual laborer. This Plaintiff asserts his claims under the FLSA on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 4.

11. During times relevant to this action, Plaintiff Daniel Du Toit was employed by Defendant as a manual laborer. This Plaintiff asserts his claims under the FLSA on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 5.

12. During times relevant to this action, Plaintiff Aura Aurora Flores was employed by

Defendant as a manual laborer. This Plaintiff asserts her claims under the FLSA on behalf of herself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 6.

13. During times relevant to this action, Plaintiff Manolo Marasigan Hintay was employed by Defendant as a manual laborer. This Plaintiff asserts his claims under the FLSA on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 7.

14. During times relevant to this action, Plaintiff Imelda Magpantay was employed by Defendant as a manual laborer. This Plaintiff asserts his claims under the FLSA on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). Her FLSA consent form is attached hereto as Exhibit 8.

15. During times relevant to this action, Plaintiff Kenneth Omandac was employed by Defendant as a manual laborer. This Plaintiff asserts his claims under the FLSA on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 9.

16. During times relevant to this action, Plaintiff Mylene Pinpin was employed by Defendant as a manual laborer. This Plaintiff asserts her claims under the FLSA on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). Her FLSA consent form is attached hereto as Exhibit 10.

17. During times relevant to this action, Plaintiff Eleonor Morales Ramos was employed by Defendant as a manual laborer. This Plaintiff asserts his claims under the FLSA on behalf of herself and all others similarly situated as authorized by 29 U.S.C. § 216(b). Her FLSA consent form is attached hereto as Exhibit 11.

18. During times relevant to this action, Plaintiff Ernalyn Santos Sembrano was employed by Defendant as a manual laborer. This Plaintiff asserts her claims under the FLSA on behalf of herself and all others similarly situated as authorized by 29 U.S.C. § 216(b). Her FLSA consent form is attached hereto as Exhibit 12.

19. During times relevant to this action, Plaintiff Dolores Poyaoan was employed by Defendant as a manual laborer. This Plaintiff asserts her claims under the FLSA on behalf of herself and all others similarly situated as authorized by 29 U.S.C. § 216(b). Her FLSA consent form is attached hereto as Exhibit 13.

20. At all times relevant to this action, Plaintiffs were employees of the Defendant as defined by 29 U.S.C. § 203(e)(1).

21. At all times relevant to this action, the Plaintiffs were employed by the Defendant as defined by 29 U.S.C. § 203(g).

22. At all times relevant to this action, Defendant was the Plaintiff's employer as defined by 29 U.S.C. 201 et seq. and 29 U.S.C. § 203(d).

23. At all times relevant to this action, the Plaintiffs were employees engaged in interstate commerce.

24. Defendant Hospitality Catering Management Services is domiciled in Illinois, whose principal address is 2150 S. Canalpart Avenue, Suite 3A1, Chicago, Illinois 60608. At all times relevant to this action, Defendant has conducted business in the Western District of Louisiana.

25. Plaintiffs retained the undersigned counsel to represent them in this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorney fees and costs incurred in this action.

## IV.
## STATEMENT OF FACTS

26. Defendant is an employee staffing company.

27. Plaintiffs have performed work for numerous third-party businesses in multiple locations. These third-party businesses have paid Defendant for providing them with employees (Plaintiffs), but Defendant has knowingly and intentionally underpaid Plaintiffs for their work in violation of law.

28. In addition, Defendant represented that not more than two workers would share a single apartment or a housing unit.  However, Defendant housed up to six workers in the units which were not properly certified for such occupancy.  Defendant withheld wages from Plaintiffs on pretext that Defendant would pay Plaintiffs' landlords directly, using in part, the wages withheld from Plaintiffs.

29. Defendant agreed to obtain and/or extend Plaintiffs' visas so they could be employed in the U.S. lawfully.  However, upon information and belief, Defendant prepared or filed the necessary documentation to do so.  Defendant made these false promises to Plaintiffs to induce them to perform labor for Defendant's clients.

30. Upon information and belief, Defendant also represented to its clients – the third party business where Plaintiffs labored – that Plaintiffs were authorized to accept employment in the United States. Upon information and belief, Defendant made these representations despite its knowledge that they were false.

31. Defendant promised to subsidize Plaintiffs housing in the U.S. during their employment period, but failed to provide the promised housing subsidies.

32. Throughout their employment by Defendant, Plaintiffs experienced nonpayment of wages,

delayed payment of wages, and underpayment of wages. On numerous occasions, Defendant's paychecks were dishonored for insufficient funds.

33. Defendant consistently made tardy and insufficient wage payments to Plaintiffs. Defendants consistently underpaid Plaintiffs and issued such payments late.

34. On the occasions when they were paid, the Plaintiffs were not paid for over-time when they worked more than forty hours in a given week.

35. Plaintiffs worked a regular schedule for Defendant, normally working six to seven days per week. Plaintiffs routinely worked more than 40 hours per week for Defendant.

36. Upon information and belief, Defendant failed to keep a complete and accurate record of the hours Plaintiffs worked, as required by the FLSA and the regulations at 29 C.F.R. § 516.2.

37. Upon information and belief, Defendant failed to post a notice informing the Plaintiffs of their rights under the FLSA.

38. Defendant provided Plaintiffs with housing as a portion of their compensation, the reasonable rate of which was not calculated into the regular rate of pay for purposes of overtime payment.

39. Defendant knowingly placed the Plaintiffs into housing units that were unsuited to the number of employees Defendant housed in them.

40. Despite having withheld wages from Plaintiffs, and despite having over-crowded Plaintiffs into housing units, on numerous occasions, Defendant failed to pay Plaintiffs' housing expense. This resulted in evictions being issued against Plaintiffs. As a result of Defendant's willful and unlawful acts, Plaintiffs and all other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney fees.

41. Defendant promised to compensate Plaintiffs for transportation expenses incident to their

employment with Defendant, but failed to do so.

42. Defendant failed to provide the Plaintiffs with an offer letter of employment and refused to provide the Plaintiffs with a written copy of the terms and conditions of their employment.

43. As a result of Defendant's willful violation of the FLSA, Plaintiffs and other similarly situated employees are entitled to liquidated damages.

## V.
## COLLECTIVE ACTION ALLEGATIONS

44. All claims set forth herein are brought by the named Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to 29 U.S.C. § 216(b) of the FLSA.

45. The policies complained of in this action are Defendants' company-wide labor policies generally applicable to the manual laborers Defendants employed during the time period relevant to this lawsuit.

46. The named Plaintiffs seek to represent a class consisting of all manual laborers employed by Defendant who were placed with third-party businesses to perform labor as housekeepers, cooks, and laundry workers.

47. The precise number of individuals eligible to join the proposed collective action class is known only to the Defendants. The class is believed to include approximately twenty five (25) individuals.

48. The named Plaintiffs and absent members of the proposed of the collective action are similarly situated. All workers eligible to join the putative collective action would be manual laborers employed by Defendants and to whom Defendant made tardy and incomplete wage payments.  Upon information and belief, Defendants paid all workers included in the proposed class with a flat salary which did not satisfy the overtime requirements of U.S.C. §

201-209. Upon information and belief, Defendants made tardy and incomplete wage payments to all such workers included in this class. Upon information and belief, Defendants failure to include the fair value of employer-provided housing calculating the workers' regular rate of pay for the purposes of overtime was universally applied to all members of the proposed collective action class.

## VI.
## VICTIM TRAFFICKING PROTECTION ACT

49. Plaintiffs re-allege and incorporate by reference the contents of paragraph 26 through 48 above in support of their claims of forced labor under the VTPA.

## VII.
## L.I.F.E. ACT

50. Plaintiffs re-allege and incorporate by reference the contents of paragraph 26 through 48 above in support of their claims under the Legal Immigration Family Equity Act of 2000 ("L.I.F.E. Act").  Plaintiffs ask that the court issue the certification needed to allow Plaintiffs to seek U visas, without which Plaintiffs may be deported and unable to pursue their claims against Defendant, HOSPITALITY CATERING MANAGEMENT SERVICES, as well as such other relief as this Court may deem just and proper.

## VIII.
## PRAYER

WHEREFORE, Plaintiffs, and all others similarly situated, demand judgment against Defendant, HOSPITALITY CATERING MANAGEMENT SERVICES, for compensatory damages, an equal additional amount of liquidated damages, together with costs and attorney's fees pursuant to the FLSA, the VTPA, the L.I.F.E. Act, and such other further relief as this Court deems just and proper.

Respectfully Submitted,
The Law Office of Alan Kansas, LLC

_s/Alan Kansas_____ _____
ALAN F. KANSAS, BAR #27725
1801 Carol Sue Ave.
Terrytown, LA 70056
(504) 210-1150
FAX (504) 617-6525