UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SALVACION GALANO AGATON, ET AL | CIVIL ACTION NO. 11-1716 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| HOSPITALITY & CATERING SERVICES, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion for Default Judgment and a Motion for U-Visa Certification, both filed by Plaintiffs.  [Record Document 13].  Plaintiffs are nonimmigrant workers who allege that their employer violated the Fair Labor Standards Act, 18 U.S.C. § 201 et. seq. (2012), and the Victims of Trafficking Protection Act, 18 U.S.C. § 1595 (2012).  Defendant Hospitality & Catering Services Inc. has failed to appear or respond to Plaintiffs' pleadings.[1] Plaintiffs now move for default judgment on their Fair Labor Standards Act claim and for certification of their U-Visa applications. For the following reasons, the Court **DENIES** both motions.

---

[1] Plaintiffs first attempted to personally serve Defendant's Louisiana agent for service of process.  Neither Defendant nor Defendant's agent for service of process, however, were located at the address listed with the Louisiana Secretary of State. Plaintiffs then served Defendant via certified mail at their domicile address listed with the Louisiana Secretary of State in accordance with Fed. R. Civ. P. 4(h)(1)(A) and La. Rev. Stat. Ann. § 13:3204 (2011). That process was received on November 14, 2011. [Record Document 6-1, pp. 1-2]. The Clerk of Court filed an Entry of Default as to the Defendant on December 22, 2011. [Record Document 7].

## II.     Fair Labor Standards Act Claim

Plaintiffs allege in their complaint that they worked for more than forty hours a week but were not compensated for their overtime at the rate required by the Fair Labor Standards Act ("FLSA").  [Record Document 1, p. 10]; 29 U.S.C. § 207(a)(1) (2012). Plaintiffs also allege that Defendant's failure to include the fair value of employer-provided housing in the calculation of their "regular rate of pay for the purposes of overtime" as well as Defendants' "tardy and incomplete wage payments" violated the FLSA.  In their Motion for Default Judgment, however, Plaintiffs abandon their overtime claims under the FLSA, as they "have not been able to calculate their monetary damages precisely." [Record Document 13-1, p.4]. Plaintiffs now seek only "the recruitment fee (at least $375 each), their travel expenses to the employment site ($154.00 each), which for all Plaintiffs total $6,877.00."  Id.  A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.  Lewis v. Lyons, 236 F.3d 766, 767 (5th Cir. 2011) (citations omitted).  "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  Id.  A district court has discretion to deny a motion for default judgment if the well-pleaded factual allegations, "even if found true, could not impose liability" against the defendant.  Id.  Plaintiffs offer no argument for why the recruitment fee and travel expenses to their employment site, expenses that they elsewhere allege violate the regulations governing their visas, are damages recoverable under the FLSA. [Record Document 13-1, pp. 7-8].  Presented with no argument from

counsel addressing why these damages are appropriate under the FLSA, the Court will not enter default judgment on the FLSA claims at this time.

### III.  U-Visa Certification

Using language copied verbatim from Garcia v. Audubon Communities Mgmt., LLC, a case from the Eastern District of Louisiana, Plaintiffs move the Court to certify their U-Visa application on the grounds that they have been and will be helpful to an investigation of criminal actions by the Defendant.  [Record Document 13-1, pp. 7, 10]; Civil Action No. 08-1291, 2008 WL 1774584 (E.D. La. 2008).  In support of their motion, Plaintiffs allege a number of illegal actions taken by the Defendant. They argue that the recruitment and job-placement fees charged by Defendant and Defendant's failure to reimburse Plaintiffs for their travel expenses to the work site violate Department of Labor "guidelines." They also claim that the Defendant misrepresented on their visa applications their place of employment and the type of labor they would perform. The Defendant also allegedly failed to provide a job offer letter to Plaintiffs and deducted more than the fair cost of living from Plaintiffs' paychecks. The Defendant failed to pay Plaintiffs' rent as agreed, failed to pay Plaintiffs' electricity bill as promised, and placed Plaintiffs in an overcrowded apartment.  Plaintiffs were allegedly threatened by the Defendant with deportation and refusal to process their visas if they complained or left their employment.

In support of their argument that they have been helpful with an investigation of the Defendant's alleged criminal activity, Plaintiffs have attached email correspondence

from 2010 showing that they were in contact with a representative of the Department of Labor regarding an investigation of the Defendant. [Record Document 13-5]. Plaintiffs point to no evidence that there is an ongoing criminal investigation or prosecution of the Defendant. This Court is not presiding over any criminal matter related to the Defendant.

Non-immigrant victims of certain enumerated classes of crimes may apply for a U-Visa. 8 U.S.C. § 1101(a)(15)(U) (2012); see generally Charles Gordon, Stanley Mailman, Stephen Yale-Loehr, and Ronald Y. Wada, Immigration Law and Procedure § 28.02 (2012). The visa is intended to protect non-immigrant victims of crimes who have information that is helpful to investigation or prosecution of the crime. Richard Steel, Steel on Immigration Law, § 3:34 (2012). The statute provides that in order to be eligible for a U-Visa, the alien must show that he or she:

> ...has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting criminal activity described in clause (iii).

> 8 U.S.C. § 1101(a)(15)(U)(i)(III) (2012).

Clause (iii) of the statute enumerates the types of crimes that support a U-visa application by the victim:

> the criminal activity referred to in this clause is that involving one or more of the following or any similar activity in violation of Federal, State, or local criminal law: rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of

justice; perjury; or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes; or

8 U.S.C. § 1101(a)(15)(U)(iii) (2013).

Another statute provides that an application for a U-Visa must contain a certification that states that the alien "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution" of qualifying criminal activity. 8 U.S.C. § 1184(p)(1) (2012). A federal judge may certify a U-Visa application.  Id.  Thus, the statute requires that the victim of a qualifying crime possess information that is helpful to the authorities prosecuting or investigating the crime. The statute also specifies that federal judges are an authority to whom a victim may helpful in the prosecution or investigation of a qualifying crime, even though federal judges neither investigate not prosecute crimes.

> The regulations provide more detail concerning the certification procedure:
>
> The certification must state that: the person signing the certificate is the head of the certifying agency, or any person(s) in a supervisory role who has been specifically designated by the head of the certifying agency to issue U nonimmigrant status certifications on behalf of that agency, or is a Federal, State, or local judge; the agency is a Federal, State, or local law enforcement agency, or prosecutor, judge or other authority, that has responsibility for the detection, investigation, prosecution, conviction, or sentencing of qualifying criminal activity; the applicant has been a victim of qualifying criminal activity that the certifying official's agency is investigating or prosecuting; the petitioner possesses information concerning the qualifying criminal activity of which he or she has been a victim; the petitioner has been, is being, or is likely to be helpful to an investigation or prosecution of that qualifying criminal activity; and the qualifying criminal activity violated U.S. law, or occurred in the United States, its territories, its possessions, Indian country, or at military installations abroad.
>
> 8 C.F.R. 214.14(c)(2)(i)(2013).

Thus, the regulations reproduce the dissonance found in the statute—a federal judge has authority to certify despite the fact that federal judges neither prosecute nor investigate crimes. Recognizing this confusion, the regulations specify that they interpret the statutory term "investigation or prosecution" broadly because judges neither investigate crimes nor prosecute perpetrators:

> USCIS is defining the term ["investigation or prosecution"] to include the conviction and sentencing of the perpetrator because these extend from the prosecution. Moreover, such inclusion is necessary to give effect to section 214(p)(1) of the INA, 8 U.S.C. 1184(p)(1), which permits judges to sign certifications on behalf of U nonimmigrant status applications. Judges neither investigate crimes nor prosecute perpetrators. Therefore, USCIS believes that the term "investigation or prosecution" should be interpreted broadly as in the AG Guidelines.
>
> Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53014, 53020 (Sept. 17, 2007) (to be codified at 8 C.F.R. 214.14) (citations ommitted).

The regulations also interpret the statutory term "helpful" broadly to include the very early stages of an investigation:

> The requirement was written with several verb tenses, recognizing that an alien may apply for U nonimmigrant status at different stages of the investigation or prosecution. By allowing an individual to petition for U nonimmigrant status upon a showing that he or she may be helpful at some point in the future, USCIS believes that Congress intended for individuals to be eligible for U nonimmigrant status at the very early stages of an investigation. This suggests an ongoing responsibility to cooperate with the certifying official while in U nonimmigrant status.
>
> Id. at 53019.

Two district courts have relied on these interpretive statements in the regulations to hold that a federal district judge presiding over a civil case brought by potential U-Visa petitioners may certify that the petitioners have information that will be helpful to a

future investigation upon a prima facie showing that the petitioners have been a victim of a qualifying criminal activity.  Garcia v. Audubon Communities Mgmt., Civil Action No. 08-1291, 2008 WL 1774584 at *2-4 (E.D. La. 2008), Villegas v. Metro. Gov't of Nashville, No. 3:09-00219, 2012 WL 4329034 at *5 (M.D. Tenn. 2012). This Court cannot join in the Garcia and Villegas Courts' reading of the regulations. As this Court reads the regulations, they do not allow certification by a federal judge when that judge has no responsibilities regarding any pending investigation or prosecution of the qualifying crime.  Although the regulations state that the word "helpful" should be read to include the very early stages of the investigation, they still contemplate that some investigation or prosecution must have begun before certification.[2] Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. at 53020. Furthermore, although the regulations provide that the statutory term "investigation or prosecution" should be interpreted broadly to accommodate the authority of federal judges to certify, to read the regulations so broadly as to allow certification by a judge when that judge has no connection to any criminal prosecution or investigation involving the victims does violence to the rest of the regulatory language.

    The regulations require that the certification state that the person signing the certificate is "responsible" for "detection, investigation, prosecution, conviction, or sentencing of qualifying criminal activity."  8 C.F.R. 214.14(c)(2)(i)(2013).  A reading of

---

[2]In Villegas the Court noted that the petitioners provided information to state and local law enforcement officials. Villegas, 2012 WL 4329034 at *5. In Garcia there is no indication that the petitioners had any contact with law enforcement.

this clause which recognizes the ability of federal judges to certify should also give meaning to the term "responsible." Although a federal judge is not primarily "responsible" for the investigation, prosecution, or conviction of criminals, the judge may have responsibilities related to those facets of a criminal case when a criminal matter comes before the court. The certificate must also state that "the applicant has been a victim of qualifying criminal activity that the certifying official's agency is investigating or prosecuting..." Id.  Once again, although this clause does not appear to contemplate judicial certification, it can be given meaning in the judicial context by recognizing the underlying principle — that only an authority that is somehow involved in the ongoing investigation or prosecution of qualifying criminal activity can certify. Finally, the certificate must state that "the petitioner... is likely to be helpful to an investigation or prosecution of that qualifying criminal activity." Id. This clause clarifies that the petitioner need not have helped in an ongoing investigation at the time of certification so long as the petitioner is likely to be helpful with the investigation at sometime in the future. Reading these three clauses in light of the federal judge's authority to certify, the Court holds that under the circumstances of this case this Court may not certify a U-Visa application when this judge has no responsibilities or even knowledge regarding any possible pending investigation or prosecution of the qualifying criminal activity. This reading interprets the terms "investigation" and "prosecution" broadly but does not distort the meaning of the rest of the regulation.

The Court makes no pronouncement regarding exactly when it would be appropriate for a judge to certify a U-visa application because it is unnecessary to do so in order to dispose of the instant motion. For the reasons enunciated above, Plaintiffs' motion for U-Visa certification is **DENIED**.

### IV. Conclusion

For the foregoing reasons,

Plaintiffs' Motion for Default Judgment on their FLSA claims [Record Document 13] be and is hereby **DENIED**;

Plaintiffs' motion for U-Visa certification [Record Document 13] be and is hereby **DENIED**.

Done this 28 of March, 2013 in Shreveport, Louisiana.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE